RUFUS F. MONTGOMERY *et al.,* executors, plaintiffs in error, *vs.* WILLIAM F. ROBERTSON, defendant in error.

1. After specific legacies of beds and bedding to certain daughters, a testator gave to his grand-son the following legacy: "$500 00 in money to be raised out of my estate not yet disposed of, it being in full of an amount of my estate, both real and personal, that I design my grand-son to have. My will also is, that my executors hold my said grand-son's part in their hands till he becomes twenty-one years of age, then to be paid over to him, but should my grand-son die before he is twenty-one years of age, then his part of my estate, to-wit: the $500 00, to return to and become a part of my estate, to be equally divided among my children." In the next item he directed that "all my property not heretofore disposed of, be, at my death, sold to the highest bidder, and that after my grand-son shall receive the $500 00 willed to him in item fourth of this my will, and after my unmarried daughters, if any, shall be made equal in property to my married daughters, then my will is that my children receive a share of my estate." The will was proved in 1861. The grand-son attained his majority in 1874 and demanded his legacy. The executors defended by showing, by their own testimony, that they had set apart certain notes in 1862 for the grand-son, good and solvent at the time, but that all proved valueless except $25 00, without their fault; but it appeared that they had not fully settled up the estate and made final distribution thereof:

*Held,* that under the will, it was the duty of the executors to retain a sufficiency of the estate to pay the grand-son's legacy at his majority, and though they might have set apart a certain portion thereof for him in 1862, which proved valuless, yet if, at his majority, they had on hand enough of the estate in property or notes on the residuary legatees, themselves among the number, raised from the sale of testator's property, to pay the grand-son's legacy, that they were liable therefor.

Administrators and executors.   Wills.   Legacies.   Before Judge HALL.   Newton Superior Court.   March Term, 1876.

Reported in the opinion.

TOOMBS SPEERMAN; A. B. SIMS, for plaintiffs in error.

CLARK & PACE, for defendant.

JACKSON, Judge.

Middlebrooks died in 1861, leaving a will, and the Montgomerys his executors.   By it he bequeathed to Robertson,

his grand-son, $500 00, to be paid to him when he became twenty-one years of age. He attained that age in 1874, and sued for his legacy, by citing the executors to appear before the ordinary and account. From the judgment of the ordinary, an appeal was taken to the superior court, and Robertson recovered his legacy. The Montgomerys moved for a new trial, the court below refused it, they appealed to this court, and the case is before us for review.

By his will, the testator left certain beds and furniture to his daughters, and then, by the fourth item, he gave to Robertson, his grand-son, $500 00, to be raised out of his estate, it being in full of an amount of his estate, both real and personal, which he designed his grand-son to have; he also willed that his executors *hold* his grand-son's part in their hands till he became twenty-one, and *then* pay it to him; but should he die before twenty-one, then the $500 00 to return and become a part of his estate, to be equally divided among his children. In the fifth item, he directed that all his property, not heretofore disposed of, be, at his death, sold to the highest bidder, and that *after* his grand-son received his $500 00 and his daughters their furniture, then all his children were to receive a share of his estate. The executors in 1862 set apart some notes, they answered and swore, for Robertson, sold the property and distributed the estate in part—at least the residuary legatees, of whom there were two, bought at the sale, and there was a sort of understanding that the notes were to be credited upon their shares, or their shares upon the notes they gave at the sale for the things they bought. No final receipts were taken, no refunding bonds, and no final and complete administration was had. The notes set apart for Robertson all proved valueless; but they had not fully administered the estate, and had certain debts due, and owed some themselves to the estate, if they were accountable to Robertson, after they had in good faith set apart his share in notes, and it was all gone without their *laches.* Under this state of facts, the court charged to the effect that the legacy to Robertson was the first charge upon

the estate, and that though the executors had set apart good notes for him, which had proved valueless, yet, if the estate was not fully administered when these notes proved valueless, and they had other property or notes unadministered, that they were liable. Under this charge the jury found for Robertson, and the sole question is, whether the charge and verdict are right. We think that they are right. Undoubtedly, under the will, these executors were to *hold* enough of this estate to pay this infant on his attaining his majority; and if they had on hand, unadministered, property enough to pay him, they were bound to do so. He could not demand payment until he was twenty-one. A guardian could not have got it out of their hands for him, if he had had a guardian. They were to hold it and to pay him before they could share the estate among their wives, the same as *themselves* at that time, and the other residuary legatees. They might have distributed, perhaps, but they ought to have taken refunding bonds to answer to this minor's claim. At all events, they had not fully administered the estate; the jury found that they had enough *unadministered* to pay this legacy; the court in the charge put the case there, and certainly it put it fairly for the executors. We think that the charge, as given, cannot be complained of by the executors, and that the refusals to charge otherwise were right, and that the verdict is in accordance with the law and the evidence, and we affirm the judgment.

Judgment affirmed.